**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

EZEQUIEL C.,

                Plaintiff,

    v.                                      5:21-CV-00382
                                                    (MAD/DJS)

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,[1]

                Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| OLINSKY LAW GROUP<br>Attorney for Plaintiff<br>250 South Clinton Street<br>Ste. 210<br>Syracuse, New York 13202 | HOWARD OLINSKY, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>Attorney for Defendant<br>J.F.K. Federal Building - Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203 | DANIEL TARABELLI, ESQ. |

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

## **REPORT-RECOMMENDATION AND ORDER**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 15 & 18. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

### **I. RELEVANT BACKGROUND**.

### **A. Procedural History**

Plaintiff was born in 1965. Dkt. No. 12, Admin. Tr. ("Tr."), p. 84. Plaintiff completed school up to the twelfth grade. Tr. at p. 106. He has past work experience as a supply assistant and home health aide. Tr. at pp. 105-06. Plaintiff applied for disability and disability insurance benefits on June 21, 2018, and supplemental security income on June 28, 2018. *See* Tr. at p. 15. Plaintiff alleges disability based upon bipolar I, attention deficit disorder (ADD), and generalized anxiety disorder. Tr. at pp. 84-85. He alleged a disability onset date of October 31, 2017, which was later amended to January 1, 2019. Tr. at pp. 18 & 84. Plaintiff's applications were initially denied in October 2019. Tr. at pp. 110 & 114. Plaintiff appeared at a hearing before ALJ Kenneth Theurer on May 8, 2020, at which Plaintiff and a vocational expert ("VE") testified. Tr. at pp. 32-83. On June 8, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 15-27. On February 2, 2021, the

Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2023. Tr. at p. 18. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: "bipolar disorder, generalized anxiety disorder, and attention deficit disorder (ADD)." *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 18-19. The ALJ then found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations:

> The claimant retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention and/or concentration for simple tasks; and regularly attend to a routine and maintain a schedule. The claimant can relate to and interact with coworkers and supervisors to the extent necessary to carry out simple tasks--*i.e.* the claimant can ask for help when needed; handle conflicts with others; state his own point of view; initiate or sustain a conversation; and understand and respond to physical, verbal, and emotional social cues; but he should avoid work requiring more complex interaction or joint efforts with coworkers to achieve work goals. The claimant should have no more than occasional contact with coworkers and supervisors, and should have no more than incidental contact with

>the public with "incidental" defined as more than never and less than occasional. The claimant's job should not involve direct interaction with the public, but the claimant does not need to be isolated away from the public. The claimant can handle reasonable levels of simple work-related stress in that he can make simple decisions directly related to the completion of his tasks in a stable, unchanging work environment.

Tr. at p. 20.

Next, the ALJ found that Plaintiff was capable of performing past relevant work. Tr. at p. 24. Finally, the ALJ went on to find that there was also other work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at p. 25. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at pp. 26-27.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v.*

3

*Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§

4

404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff advances one claim pertaining to the ALJ's evaluation of Consultative Examiner ("CE") Shapiro's medical opinion. *See* Pl.'s Mem. of Law at pp. 4-8. Dr. Shapiro found that Plaintiff had "moderate limitations" on the ability to regularly attend

5

to a routine and maintain a schedule. Tr. at p. 536. The ALJ found the opinion of Dr. Shapiro to be "generally persuasive," Tr. at p. 23, but ultimately determined in Plaintiff's RFC that he had no limitations pertaining to the ability to attend to a routine and maintain a schedule. Tr. at p. 20.  Plaintiff contends that if an ALJ finds the opinion of a CE persuasive, or generally persuasive, he is then required to either adopt that opinion in full or clarify why he did not adopt certain portions. *See* Dkt. No. 15, Pl.'s Mem. of Law at p. 7 ("When the ALJ has granted an opinion significant weight, he must explain the reasons why portions of the opinion were not adopted" & "The plaintiff is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to his application for benefits."). This argument is not supported by law or the particular facts of this case.

A residual functional capacity ("RFC") is "what a claimant is capable of doing despite his or her impairments." *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (citing 20 C.F.R. §§ 404.1545(a) & 416.945(a)).  In making this determination, an ALJ must consider "a claimant's . . . mental abilities . . . which could interfere with work activities on a regular and continuing basis." *Adams v. Colvin*, 2016 WL 3566859, at *3 (N.D.N.Y. June 24, 2016) (quoting *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009)).  The RFC is further determined based on the "objective medical evidence, and medical opinions from treating and consulting sources." *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 640 (S.D.N.Y. 2019).  "It is the sole responsibility of the ALJ to weigh all of the medical evidence and resolve any material

conflicts in the record." *Stevens v. Barnhart*, 473 F. Supp. 2d 357, 364 (N.D.N.Y. 2007) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971)).

In the present case, the ALJ considered medical opinion evidence from two psychological CEs, Dr. Shapiro and Dr. Grassl, the latter of whom opined that there was "[n]o evidence of limitation in [Plaintiff's] ability to . . . sustain an ordinary routine and regular attendance at work." Tr. at pp. 698-99. The ALJ found CE Grassl's opinion persuasive, and, as Defendant points out, closely mirrored it in his RFC determination. Tr. at pp. 20 & 24; Dkt. No. 18, Def.'s Mem of Law at p. 8. While the ALJ found Dr. Shapiro's opinion "generally persuasive," he also noted that the objective medical evidence was more consistent with a moderate limitation in Plaintiff's ability to regulate emotions and behavior, which contrasted with Dr. Shapiro's assessment of moderate to marked limitations in the same areas. Tr. at p. 23.

The question for the Court is not, as Plaintiff seems to argue, "whether there is substantial evidence supporting the appellant's view," *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013), but actually, "whether substantial evidence supported *the ALJ's decision*." *Id*. (citing *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (emphasis in original). Similarly, regarding medical opinions, courts will not "'reweigh the evidence,'" if the ALJ "sufficiently explained why he afforded the various opinions different amounts of weight." *Melisa G. v. Berryhill*, 2019 WL 2502726, at *5 (N.D.N.Y. June 17, 2019) (quoting *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993)). Under the standard for considering the persuasiveness of medical opinions, the

7

ALJ must consider five factors[2], but is only required to explain how he considered the supportability and consistency of the opinion, factors the Regulations deem most important. *See* 20 C.F.R. §§ 404.1520c(b)(2) & 416.920c(b)(2).

Accordingly, the ALJ was only required to explicitly explain why he found Dr. Shapiro's opinion "generally persuasive," and Dr. Grassl's opinion as "persuasive," referencing their consistency and supportability, and not required to "explain the reasons why portions of the opinion were not adopted." Pl.'s Mem. of Law at p. 7. The Court finds that the ALJ did just that. *See* Tr. at p. 23 ("[Dr. Shapiro's] opinions are well supported . . . and are consistent with other objective medical evidence[.]") & p. 24 ("[Dr. Grassl's] opinions are well supported . . . and consistent with other mental status exams[.]"). Dr Grassl's opinion, found to be supported by and consistent with the record, explicitly found that Plaintiff had no limitation in regularly attending a routine and maintaining a schedule. Tr. at 24 & 698. Because "[i]t is the ALJ's responsibility to choose between properly submitted medical opinions and other competent evidence to piece together an overall [RFC] assessment," *Robles v. Colvin*, 2016 WL 814926, at *4 (N.D.N.Y. Feb. 29, 2016) (citations omitted), the ALJ's RFC determination was supported by substantial evidence. *See*, *e.g.*, *Melisa G. v. Berryhill*, 2019 WL 2502726. at *5 (where the ALJ sufficiently explained why he afforded various conflicting medical

---

[2] The five factors are (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. §§ 404.1520c(a), c(1)-(5); 416.920c(a), (c)(1)-(5)

8

opinions different amounts of weight, the Court did not "reweigh the evidence," and found the RFC determination supported by substantial evidence).

Second, Plaintiff argues that because the ALJ did not explain the purported discrepancy between his ultimate RFC determination and CE Shapiro's opinion, "a reviewing party is utterly unable to follow the ALJ's logic in reaching his conclusion." *See* Pl.'s Mem. of Law at p. 7. While it is true that the ALJ cannot "selectively choose evidence in the record that supports his conclusions," he "is not obligated to reconcile explicitly every conflicting shred of medical testimony." *Lawrence W. v. Comm'r of Soc. Sec.*, 2018 WL 4509490, at *7 (N.D.N.Y. Sept. 18, 2018) (quoting *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006)). Likewise, an ALJ is not required to "accept every limitation in the opinion of a consultative examiner." *Kikta v. Comm'r of Soc. Sec.*, 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016) (citing *Pellam v. Astrue*, 508 F. App'x 87, 89 (2d Cir. 2013)). Here. the Court can determine the ALJ's rationale to not adopt Dr. Shapiro's opinion regarding Plaintiff's moderate limitation in sustaining a regular routine and attendance at work from (1) his according of "persuasive" weight to Dr. Grassl's opinion, which indicated Plaintiff had no limitations regarding his ability to sustain an ordinary routine and attendance at work, (2) his close mirroring of Dr. Grassl's opinion in his RFC determination, (3) his indication that some parts of Dr. Shapiro's opinion were inconsistent with "other medical evidence of record," and (4) other evidence of record, *see* Tr. at pp. 19-23, all of which also reinforce the conclusion that the ALJ's decision was substantially supported.

Thus, it was not error for the ALJ to formulate his RFC determination without incorporating all the limitations set forth in Dr. Shapiro's opinion, nor did he have to explicitly explain his reasons for doing so where, as here, the record as a whole substantially supports the RFC determination that Plaintiff had no limitation in the ability to attend to a routine and maintain regular attendance at work.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED**; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[3] within which to file written objections to the foregoing report.  Such objections shall be filed

---

[3] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: May 12, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge