**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**EZEQUIEL C.,**

                              **Plaintiff,**

  vs.                                               **5:21-CV-00382**
                                                                       **(MAD/DJS)**

**KILOLO KIJAKAZI,** *Acting Commissioner of*
*Social Security*,

                               **Defendant.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

**OLINSKY LAW GROUP**                     **HOWARD OLINSKY, ESQ.**
250 South Clinton Street
Ste. 210
Syracuse, New York 13202
Attorney for Plaintiff

**U.S. SOCIAL SECURITY ADMIN.**         **DANIEL TARABELLI, ESQ.**
**OFFICE OF REG'L GEN. COUNSEL**
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Ezequiel C. commenced this action on April 3, 2021, seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits for lack of disability. *See* Dkt. No. 1. In a Report-Recommendation and Order dated May 12, 2022, Magistrate Judge Stewart recommended that this Court affirm the decision

of the Commissioner and dismiss this action. *See* Dkt. No. 19. Currently before the Court are Magistrate Judge Stewart's Report-Recommendation and Order and Plaintiff's objections thereto.

## II. BACKGROUND

Plaintiff's date of birth is January 19, 1965. *See* Dkt. No. 12, Administrative Transcript ("Tr.") at 84. He was nearly fifty-three years old on his alleged disability onset date of October 31, 2017, which was later amended to January 1, 2019. *See* Tr. at 18, 84. Plaintiff completed his formal education at twelfth grade. *See id.* at 106. Plaintiff previously worked as a supply assistant and a home health aide. *See id.* at 106–107. Plaintiff alleges disability due to bipolar I, attention deficit disorder ("ADD"), and generalized anxiety disorder. *See id.* at 84. Plaintiff applied for DIB on June 21, 2018, and SSI on June 28, 2018. *See id.* The applications were initially denied on October 12, 2018, and Plaintiff made a timely request for a hearing in front of an Administrative Law Judge ("ALJ"). *See id.* at 110–14. That hearing was held before ALJ Kenneth Theurer on May 8, 2020. *See id.* at 32–83.

In a decision dated June 8, 2020, the ALJ determined that Plaintiff was not disabled under the Social Security Act. *See id*. at 15–27. The Appeals Council denied Plaintiff's request for review on February 2, 2021, rendering the ALJ's decision the Commissioner's final decision. *See id.* at 1–5.

On April 3, 2021, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. The matter was referred to United States Magistrate Judge Stewart for a report and recommendation. *See* Dkt. No. 7. Magistrate Judge Stewart recommended that the Court affirm the decision of the Commissioner and dismiss this action. *See* Dkt. No. 19. On May 25, 2022, Plaintiff objected to the Report-Recommendation and Order on the basis that the ALJ's RFC determination is unsupported by

2

substantial evidence because the ALJ did not explicitly explain why the opinion of Consultive Examiner ("CE") Dr. Shapiro was not reflected in Plaintiff's RFC limitations.  *See* Dkt. No. 20.

After carefully reviewing Plaintiff's Objections, the Court finds that Magistrate Judge Stewart correctly recommended upholding the Commissioner's final decision based on the ALJ's findings.  For the reasons stated below, the Court adopts Magistrate Judge Stewart's Report-Recommendation and Order in its entirety.

### III. DISCUSSION

A.   **Standard of Review**

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence.  *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)) (other citations omitted).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the

[Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## B. The ALJ's Decision

For purposes of Social Security Disability Insurance Benefits, a person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). There is a five-step analysis for evaluating disability claims:

> In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a "severe impairment," (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311

F.3d 468, 472 (2d Cir. 2002)) (other citation omitted). "The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step." *Id.* (citation omitted).

In his decision denying Plaintiff's application, the ALJ first found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2023, and that he had not engaged in substantial gainful activity since January 1, 2019, the amended onset date. *See* Tr. at 18. At step two, the ALJ concluded that Plaintiff suffered from the following severe impairments: bipolar disorder, generalized anxiety disorder, and ADD. *See id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18–19. The ALJ concluded that Plaintiff has the RFC to perform a full range of work at all exertion levels, but with the following nonexertional limitations:

> [T]he claimant retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention and/or concentration for simple tasks; and regularly attend to a routine and maintain a schedule. The claimant can relate to and interact with coworkers and supervisors to the extent necessary to carry out simple tasks-- *i.e.* the claimant can ask for help when needed; handle conflicts with others; state his own point of view; initiate or sustain a conversation; and understand and respond to physical, verbal, and emotional social cues; but he should avoid work requiring more complex interaction or joint efforts with coworkers to achieve work goals. The claimant should have no more than occasional contact with coworkers and supervisors, and should have no more than incidental contact with the public with "incidental" defined as more than never and less than occasional. The claimant's job should not involve direct interaction with the public, but the claimant does not need to be isolated away from the public. The claimant can handle reasonable levels of simple work-related stress in that he can make simple decisions directly related to the completion of his tasks in a stable, unchanging work environment.

*See id.* at 20. At step four, the ALJ found that Plaintiff could perform past relevant work. *Id.* at

24. At the fifth and final step, the ALJ solicited the testimony of a vocational expert. *See id.* at 26. The vocational expert testified that a hypothetical individual of Plaintiff's age, with his education, past relevant work experience, and RFC (as described above) could perform the representative occupations of hand packager, lawn cutter, and machine feeder. *See id.* Thus, the ALJ found that Plaintiff is not disabled as defined in the Social Security Act. *See id.*

C. **Magistrate Judge Stewart's Report-Recommendation and Order**

In his May 12, 2022, Report-Recommendation and Order, Magistrate Judge Stewart recommended that this Court affirm the Commissioner's decision denying disability benefits. *See* Dkt. No. 19. Magistrate Judge Stewart rejected Plaintiff's argument that if the ALJ finds the opinion of a CE to be persuasive, then he is required to either adopt that opinion or explain why he did not adopt the opinion in its entirety. *See id.* at 7. Magistrate Judge Stewart tactfully explained that the issue before this Court "is not, as plaintiff seems to argue, 'whether there is substantial evidence supporting the appellant's view,' . . . but actually, 'whether substantial evidence supported the ALJ's decision.'" *See id.* at 8 (citations omitted). Magistrate Judge Stewart found that the ALJ complied with the standard for evaluating persuasiveness of medical opinions when he considered the contrasting opinions of CE Dr. Shapiro and CE Dr. Grassl. *See id.* at 8–9. After a careful review, Magistrate Judge Stewart concluded that the ALJ's ultimate RFC determination was supported by substantial evidence. *See id.* at 9.

Magistrate Judge Stewart also addressed Plaintiff's contentions regarding the ALJ's failure to explain the discrepancy between his ultimate RFC determination and CE Dr. Shapiro's opinion. As Magistrate Judge Stewart explained, the ALJ need not explicitly state his reasons for incorporating, or failing to incorporate, every piece of medical evidence where the record as a whole substantially supports the ALJ's determination. *See id.* at 10–11. Magistrate Judge Stewart

found that the ALJ's rationale was evident from his decision and supported by the totality of the medical record. *See id.* at 9–10.

**D.    Analysis**

Having carefully reviewed Magistrate Judge Stewart's Report–Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that the Commissioner's decision must be upheld. Except as discussed below, the Court finds that Plaintiff's objections to be conclusory or repetitive of the original arguments made to Magistrate Judge Stewart. Magistrate Stewart's Report–Recommendation and Order contains a careful analysis of the Commissioner's determination to deny Plaintiff benefits and explains how the challenged determination was based on correct legal principles and supported by substantial evidence in the record. *See* Dkt. No. 19.

*1. Plaintiff's Objections*

Plaintiff objected to the Report-Recommendation and Order on the grounds that the ALJ did not properly apply Social Security Ruling 96-8p to his decision when he failed to explicitly detail why Dr. Shapiro's opinions were not reflected in the RFC determination. *See* Dkt. No. 20. at 1. Plaintiff claims that Magistrate Judge Stewart failed to address this portion of Plaintiff's argument, thereby suggesting that an ALJ need not abide by the Social Security Regulations. *See id*. Plaintiff is mistaken in asserting that by not explicitly identifying the regulation, Magistrate Judge Stewart failed to address this portion of Plaintiff's argument. In reality, Magistrate Judge Stewart carefully explained how substantial evidence from the medical record supported the ALJ's RFC determination. *See* Dkt. No. 19 at 10. This is all that is required to comply with the Social Security Regulations and affirm an ALJ's decision. *See Petrie v. Astrue*, 412 Fed. Appx. 401, 406 (2d Cir. 2011) ("[W]here 'the evidence of record permits us to glean the rationale of an

ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability'") (quotation omitted); *Hudson v. Colvin*, No. 5:12-CV-0044, 2013 WL 1500199, *10 n.25 (N.D.N.Y. Mar. 21, 2013) ("While [the ALJ] could have discussed the factors listed in the regulations in more detail, this does not amount to reversible error because the rationale for his decision is clear and his ultimate determination is supported by substantial evidence"), *report and recommendation adopted*, 2013 WL 1499956 (N.D.N.Y. Apr. 10, 2013). As Defendant points out in response to Plaintiff's objections, this is not a case where the Court cannot properly discern the ALJ's reasoning behind his decision. *See* Dkt. No. 22 at 3. Accordingly, it was not error for the ALJ to determine Plaintiff's RFC without incorporating every limitation from Dr. Shapiro's opinion, nor was the ALJ required to expressly reconcile every piece of medical evidence where the record in its entirety substantially supported his RFC determination.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-state reasons, the Court hereby

**ORDERS** that the Report–Recommendation and Order of Magistrate Judge Daniel J. Stewart, filed May 12, 2022, is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED;** and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED;** and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED;** and the

Court further

    **ORDERS** that Plaintiff's complaint is **DISMISSED;** and the Court further

    **ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum–Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 21, 2022
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge